**Michael PRARI, Plaintiff,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Defendant.**

**No. 92 Civ. 6656.**

United States District Court, S.D. New York.

May 19, 1994.

Michael Prari, pro se.

F. James Loprest, Jr., Sp. Asst. U.S. Atty., New York City, for defendant.

### OPINION

GRIESA, Chief Judge.

Petitioner, Michael Prari, filed this petition for a writ of habeas corpus on July 27, 1992. Prari alleges that the Immigration and Naturalization Service has detained him pending deportation for more than six months in violation of 8 U.S.C. § 1252(c). The INS has answered and denied that there has been any violation of Prari's rights.

Certain events relevant to this petition occurred subsequent to the date of its filing. Taking into account all the circumstances, the court finds that the length of Prari's detention and the delay in his deportation resulted from his own obstructive behavior. The petition is therefore dismissed.

### FACTS

Prari entered the United States in July 1987 on a student visa. Although he alleges that he attended Bronx County Community

College for a year and a half, the college has no record of his attendance.

In September 1991 he was arrested and charged in the state court with grand larceny, possession of stolen property, unauthorized use of a vehicle and criminal mischief. Prari entered a guilty plea to one count of third-degree criminal possession of stolen property and was sentenced to six months imprisonment at Rikers Island.

On November 13, 1991 the INS interviewed Prari at Rikers Island. Prari stated that he was born in Jamaica on March 27, 1961 to parents of French citizenship. He refused, however, to sign an affidavit containing those statements. The INS subsequently determined that Prari was eligible for deportation.

A deportation hearing was conducted on January 24, 1992, in which Prari conceded that he was deportable for his failure to maintain his student visa status. Prari also claimed at the hearing that he was born in France, not Jamaica, as originally stated. At the conclusion of the hearing, the Immigration Judge ruled that Prari was deportable to either France, or in the event France declined to admit him, Jamaica. Prari waived his right to appeal and the deportation order became final. Prari was taken into INS custody on January 27, 1992.

Prari was unable or unwilling to provide the INS with documentary proof of his identity or nationality. On January 27, 1992 the INS requested information from the French Consulate in New York City.

On April 13, 1992 the INS communicated with the Jamaican Consulate to determine whether Jamaica would admit Prari, and took Prari to the Consulate for an interview.

Prari refused to answer the Jamaican Consul's questions, except that he claimed that he was not born in Jamaica. Prari became disorderly and the Consul terminated the interview. It was necessary to remove Prari by force.

On July 27, 1992, exactly six months from the date the INS took him into custody, Prari filed this habeas corpus petition, relying on 8 U.S.C. § 1252(c), which provides that, after a final order of deportation is made against an alien, "the Attorney General shall have a period of six months from the date of such order ... within which to effect the alien's departure."

On October 8, 1992 the French authorities notified the INS that France would not admit Prari, on the ground that he was not a French citizen.

On June 9, 1993 the Jamaican Consulate notified the INS that Prari was determined not to be a Jamaican national.

The INS continued its investigation. It inquired of Interpol, and made further inquiries of the Jamaican and French consulates for information.

Finally, in January 1994 Prari provided certain specific details which he had previously refused to divulge. He stated that he was born March 3, 1961 in Strasbourg, France. He also said that his parents came from Martinique, a French colony.

On February 24, 1994 the INS issued an amended order of deportation to Martinique. The next day Prari submitted to an interview at the French Consulate and filed papers to obtain travel documents. At this time, Prari is still being held pending a new determination of Prari's citizenship by the French government.

## DISCUSSION

Prari contends that, since the six-month period referred to in § 1252(c) has passed without his deportation, he should be released from detention pending the completion of the proceedings necessary to determine where he is to be sent.

█ The decisions under § 1252(c) make it clear that detention for more than six months does not automatically dictate the release of the alien. The six-month period is tolled if the alien hampers the deportation process. *Doherty v. Thornburgh,* 943 F.2d 204, 211–12 (2d Cir.1991). The Fifth Circuit has specifically held that, where an alien withholds information from the INS and thus prevents the INS from effecting his deportation, the six-month period under § 1252(c) is tolled. *Balogun v. I.N.S.,* 9 F.3d 347 (5th Cir.1993).

Prari has been in INS custody since January 27, 1992. He had been interviewed by the INS previously while imprisoned at Rikers Island on the state criminal charge. During that interview he had given information about his birth place and parentage which are in conflict with statements he now makes. Assuming the current statements are true, the earlier ones were untrue. Until it is shown that Prari has provided accurate and complete information to be used in concluding the deportation proceedings, the six-month period provided in § 1252(c) is tolled.

The petition for a writ of habeas corpus is dismissed.

SO ORDERED.